**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CANON INC., CANON U.S.A., INC, and CANON FINANCIAL SERVICES, INC., <br><br> Defendants. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Round Rock Research, LLC ("Round Rock"), for its Complaint against Defendants Canon Inc., Canon U.S.A., Inc., and Canon Financial Services, Inc., (collectively "the Canon Defendants"), hereby alleges as follows:

### The Parties

1. Plaintiff Round Rock is a Delaware limited liability company with its principal place of business at 2001 Route 46, Waterview Plaza, Suite 310, Parsippany, NJ 07054.

2. Defendant Canon Inc. is a corporation organized and existing under the laws of Japan having a principal place of business at 30-2, Shimomaruko 3-chrome, Ohta-ku, Tokyo 146-8501, Japan.  Canon Inc. is in the business of researching, designing, developing, manufacturing, and selling digital imaging devices and office equipment for importation into the United States.  Such devices include but are not limited to digital compact cameras, digital camcorders, and interchangeable-lens digital cameras (including digital single-lens reflex ("DSLR") cameras)).

3.     Defendant Canon U.S.A., Inc. ("Canon USA") is a corporation organized under the laws of New York, having a principal place of business at One Canon Park, Melville, New York, 11747.  Canon USA has appointed Corporation Service Company, 80 State Street, Albany, New York, 12207 as its registered agent for service of process.  Canon USA is in the business of importing, marketing, and selling digital imaging devices in the United States.  Such devices include but are not limited to, digital compact cameras, digital camcorders, and interchangeable-lens digital cameras (including digital single-lens reflex ("DSLR") cameras)).

4.     Defendant Canon Financial Services, Inc. ("Canon Financial Services") is a corporation organized under the laws of New Jersey, having a principal place of business at 158 Gaither Drive, Mt. Laurel, New Jersey, 08054.  Canon Financial Services is in the business of marketing, selling, servicing, and leasing digital imaging devices and office equipment in the United States.  Such devices include but are not limited to, digital compact cameras, digital camcorders, and interchangeable-lens digital cameras.

5.     Canon USA is a wholly owned subsidiary of Canon Inc.

6.     Canon Financial Services is a wholly owned subsidiary of Canon USA.

**Nature Of The Action**

7.     This is a civil action for infringement of U.S. Patent Nos. 5,986,347 ("the '347 patent") (attached as Exhibit A), 6,147,405 ("the '405 patent") (attached as Exhibit B), 6,358,801 ("the '801 patent") (attached as Exhibit C), 6,455,935 ("the '935 patent") (attached as Exhibit D), 6,459,617 ("the '617 patent") (attached as Exhibit E), and 6,828,683 ("the '683 patent") (attached as Exhibit F) (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**Jurisdiction And Venue**

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patents laws of the United States, including 35 U.S.C. § 271 *et seq.*

9. This Court has personal jurisdiction over the Canon Defendants because, among other things, the Canon Defendants have committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in violation of 35 U.S.C. § 271 in this judicial district and elsewhere that led to foreseeable harm and injury to Round Rock.

10. This Court also has personal jurisdiction over the Canon Defendants because, among other things, the Canon Defendants have established minimum contacts within the forum such that the exercise of jurisdiction over the Canon Defendants will not offend traditional notions of fair play and substantial justice.  For example, the Canon Defendants have placed products that practice and/or embody the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district.  In addition, the Canon Defendants have sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Patents-in-Suit.  The Canon Defendants derive substantial revenue from the sale of infringing products distributed within the district, and/or expect or should reasonably expect their actions to have consequences within the district, and derive substantial revenue from interstate and international commerce.

11. In addition, the Canon Defendants knowingly, actively induced and continue to knowingly actively induce infringement of one or more of the Patents-in-Suit within this district by making, using, offering for sale, and selling infringing products, as well as by contracting

with others to use, market, sell, and offer to sell infringing products, all with knowledge of the asserted Patents-in-Suit, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

12.     Moreover, the Canon Defendants knowingly contributed to the infringement of one or more of the Patents-in-Suit by others in this district, and continue to contribute to the infringement of one or more of the Patents-in-Suit by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the inventions of the Patents-in-Suit, knowing of the patents-in-suit and their claims, knowing those components to be especially made or especially adapted for use to infringe one or more of the Patents-in-Suit, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because the Canon Defendants reside in this district, are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

### **The Patents-In-Suit**

14.     United States Patent No. 5,986,347 ("the '347 patent"), titled "Processing Methods of Forming Contact Openings and Integrated Circuitry," was duly and legally issued by the U.S. Patent and Trademark Office on November 16, 1999.  A copy of the '347 patent is attached hereto as Exhibit A.  Round Rock is the assignee of all rights, title, and interest in the

'347 patent, and it possesses all rights to sue and recover for any current or past infringement of the '347 patent.

15. United States Patent No. 6,147,405 ("the '405 patent"), titled "Asymmetric, Double-Sided Self-Aligned Silicide and Method of Forming the Same," was duly and legally issued by the U.S. Patent and Trademark Office on November 14, 2000. A copy of the '405 patent is attached hereto as Exhibit B. Round Rock is the assignee of all rights, title, and interest in the '405 patent, and it possesses all rights to sue and recover for any current or past infringement of the '405 patent.

16. United States Patent No. 6,358,801 ("the '801 patent"), titled "Method and Apparatus for Trench Isolation Process with Pad Gate and Trench Edge Spacer Elimination," was duly and legally issued by the U.S. Patent and Trademark Office on March 19, 2002. A copy of the '801 patent is attached hereto as Exhibit C. Round Rock is the assignee of all rights, title, and interest in the '801 patent, and it possesses all rights to sue and recover for any current or past infringement of the '801 patent.

17. United States Patent No. 6,455,935 ("the '935 patent"), titled "Asymmetric, Double-Sided Self-Aligned Silicide," was duly and legally issued by the U.S. Patent and Trademark Office on September 24, 2002. A copy of the '935 patent is attached hereto as Exhibit D. Round Rock is the assignee of all rights, title, and interest in the '935 patent, and it possesses all rights to sue and recover for any current or past infringement of the '935 patent.

18. United States Patent No. 6,459,617 ("the '617 patent"), titled "Method and Circuitry for Bank Tracking in Write Command Sequence," was duly and legally issued by the U.S. Patent and Trademark Office on October 1, 2002. A copy of the '617 patent is attached hereto as Exhibit E. Round Rock is the assignee of all rights, title, and interest in the '617

patent, and it possesses all rights to sue and recover for any current or past infringement of the '617 patent.

19. United States Patent No. 6,828,683 ("the '683 patent"), titled "Semiconductor Devices, and Semiconductor Processing Methods," was duly and legally issued by the U.S. Patent and Trademark Office on December 7, 2004. A copy of the '683 patent is attached hereto as Exhibit F. Round Rock is the assignee of all rights, title, and interest in the '683 patent, and it possesses all rights to sue and recover for any current or past infringement of the '683 patent.

## COUNT I

### Infringement of U.S. Patent No. 5,986,347

20. Paragraphs 1 through 19 are incorporated by reference as if fully stated herein.

21. The '347 patent is valid and enforceable.

22. The Canon Defendants, have infringed, and continue to infringe, one or more claims of the '347 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all Canon digital camera and video camera products containing any one or more of the following image processors: Digic 4, Digic 4+, Digic DV 4, Digic 5, Digic 5+, and Digic 6.

23. The Canon Defendants have had knowledge of the '347 patent and their infringement of that patent since at least November 25, 2014 through a letter made by Round Rock concerning that infringement.

24. The Canon Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 4, 5, and/or 6 of the '347 patent.

25. Round Rock has been and continues to be damaged by the Canon Defendants' infringement of the '347 patent.

26. The Canon Defendants have willfully infringed, and continue to willfully infringe, the '347 patent despite having knowledge of the '347 patent at least through Round Rock's November 25, 2014 letter concerning their infringement.

27. The Canon Defendants' conduct in infringing the '347 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. 6,147,405

28. Paragraphs 1 through 27 are incorporated by reference as if fully stated herein.

29. The '405 patent is valid and enforceable.

30. The Canon Defendants, have infringed, and continue to infringe, one or more claims of the '405 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all Canon digital camera and video camera products containing any one or more of the following image processors: Digic 4, Digic 4+, Digic DV 4, Digic 5, Digic 5+, and Digic 6.

31. The Canon Defendants have had knowledge of '405 patent and their infringement of that patent since at least October 4, 2013 through a presentation made by Round Rock concerning that infringement.

32. The Canon Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 6, 7, 8, 9, 10 and/or 12 of the '405 patent.

33.     Round Rock has been and continues to be damaged by the Canon Defendants' infringement of the '405 patent.

34.     The Canon Defendants have willfully infringed, and continue to willfully infringe, the '405 patent despite having knowledge of the '405 patent at least through Round Rock's October 4, 2013 presentation concerning their infringement.

35.     The Canon Defendants' conduct in infringing the '405 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III

### Infringement of U.S. Patent No. 6,358,801

36.     Paragraphs 1 through 35 are incorporated by reference as if fully stated herein.

37.     The '801 patent is valid and enforceable.

38.     The Canon Defendants have infringed, and continue to infringe, one or more claims of the '801 patent under 35 U.S.C. § 271(a) and/or 271(g), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all Canon digital camera and video camera products containing any one or more of the following image processors:  Digic 4, Digic 4+, Digic DV 4, Digic 5, Digic 5+, and Digic 6, all Canon digital camera and video camera products containing the Mediatek BF68339A ARM processor, and all Canon digital camera and video camera products containing the Renesas SH7231 microcomputer (also known as "R5F72315A").

39. The Canon Defendants have had knowledge of the '801 patent and its infringement of that patent since at least July 24, 2013 through correspondence sent by Round Rock concerning that infringement.

40. The Canon Defendants have infringed, and continue to infringe, at least claims 1 and/or 2 of the '801 patent.

41. Round Rock has been and continues to be damaged by the Canon Defendants' infringement of the '801 patent.

42. The Canon Defendants have willfully infringed, and continue to willfully infringe, the '801 patent despite having knowledge of the '801 patent at least through Round Rock's July 24, 2013 correspondence concerning their infringement

43. The Canon Defendants' conduct in infringing the '801 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV

### Infringement of U.S. Patent No. 6,455,935

44. Paragraphs 1 through 43 are incorporated by reference as if fully stated herein.

45. The '935 patent is valid and enforceable.

46. The Canon Defendants have infringed, and continue to infringe, one or more claims of the '935 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing into the United States, products made by a process described in those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all Canon digital camera and video camera products containing any one or more of the following image processors:  Digic 4, Digic 4+, Digic DV 4, Digic 5, Digic 5+, and Digic 6.

47. The Canon Defendants have had knowledge of the '935 patent and their infringement of that patent since at least October 4, 2013 through a presentation made by Round Rock concerning that infringement.

48. The Canon Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 4, 6, 8, 9, and/or 10 of the '935 patent.

49. Round Rock has been and continues to be damaged by the Canon Defendants' infringement of the '935 patent.

50. The Canon Defendants have willfully infringed, and continue to willfully infringe, the '935 patent despite having knowledge of the '935 patent at least through Round Rock's October 4, 2013 presentation concerning their infringement.

51. The Canon Defendants' conduct in infringing the '935 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V

### Infringement of U.S. Patent No. 6,459,617

52. Paragraphs 1-51 are incorporated by reference as if fully stated herein.

53. The '617 patent is valid and enforceable.

54. The Canon Defendants have infringed, and continue to infringe, one or more claims of the '617 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all Canon products containing Macronix serial flash memory, including Macronix MX29GL256F memory ("'617 Infringing Products").

55.     The Canon Defendants' customers and/or end users of those '617 Infringing Products directly infringe one or more claims of the '617 patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale the '617 Infringing Products in the United States. The Canon Defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '617 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by making, selling, importing, and/or offering for sale in the United States the '617 Infringing Products to its customers and/or end users of those Canon products with the knowledge of the '617 patent and its claims, with knowledge that its customers and/or end users will use, sell, offer to sell, and/or import the '617 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing sales and uses of the '617 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '617 Infringing Products.

56.     The Canon Defendants have contributed to the infringement of, and continue to contribute to the infringement of, one or more claims of the '617 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '617 Infringing Products, knowing that those products constitute a material part of the inventions claimed in the '617 patent, knowing that those products are especially made or adapted to infringe the '617 patent, and knowing that those products are not a staple articles or commodities of commerce suitable for non-infringing use; rather that the components are used for or in systems that infringe one or more claims of the '617 patent.

57. The Canon Defendants have had knowledge of the '617 patent and their infringement of that patent since at least November 25, 2014 through a letter made by Round Rock concerning that infringement.

58. The Canon Defendants have infringed, and continue to infringe, directly or indirectly at least claims 1, 3, 4, 6, 11, 13, 14 and/or 15 of the '617 patent.

59. Round Rock has been and continues to be damaged by the Canon Defendants' direct and indirect infringement of the '617 patent.

60. The Canon Defendants have willfully infringed, and continue to willfully infringe, the '617 patent despite having knowledge of the '617 patent at least through Round Rock's November 25, 2014 letter concerning their infringement.

61. The Canon Defendants' conduct in infringing the '617 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI

### Infringement of U.S. Patent No. 6,828,683

62. Paragraphs 1 through 61 are incorporated by reference as if fully stated herein.

63. The '683 patent is valid and enforceable.

64. The Canon Defendants have infringed, and continue to infringe, one or more claims of the '683 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all Canon digital camera and video camera products containing any one or more of the following image processors: Digic 4, Digic 4+, Digic DV 4, Digic 5, Digic 5+, and Digic 6, all Canon digital

camera and video camera products containing image sensors with the die markings "Sony '10", including but not limited to the one found in the Canon Powershot SX280 HS, all Canon digital camera and video camera products containing the Mediatek BF68339A ARM processor, and all Canon digital camera and video camera products containing the Renesas SH7231 microcomputer (also known as "R5F72315A").

65. The Canon Defendants have had knowledge of the '683 patent and their infringement of that patent since at least October 4, 2013 through a presentation made by Round Rock concerning that infringement.

66. The Canon Defendants have infringed, and continue to infringe, at least claims 27, 28, 30, 32, 33, 34, and/or 35 of the '683 patent.

67. Round Rock has been and continues to be damaged by the Canon Defendants' infringement of the '683 patent.

68. The Canon Defendants have willfully infringed, and continue to willfully infringe, the '683 patent despite having knowledge of the '683 patent at least through Round Rock's October 4, 2013 presentation concerning their infringement.

69. The Canon Defendants' conduct in infringing the '683 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### Prayer For Relief

WHEREFORE, Round Rock prays for judgment as follows:

A. That the Canon Defendants have infringed, either literally or under the doctrine of equivalents, either directly or indirectly, each of the Patents-in-Suit;

B. That the Canon Defendants have willfully infringed each of the Patents-in-Suit;

C. That Round Rock be awarded all damages adequate to compensate it for the Canon Defendants' infringement of the Patents-in-Suit, such damages to be determined by a jury and, if necessary to adequately compensate Round Rock for the infringement, an accounting, and that such damages be trebled and awarded to Round Rock with pre-judgment and post-judgment interest;

D. That this case by declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Round Rock be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

E. That Round Rock be awarded such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Plaintiff Round Rock hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated:  December 3, 2014 | FARNAN LLP |
| | |
| | /s/ Brian E. Farnan |
| | Brian E. Farnan (Bar No. 4089) |
| | 919 North Market Street |
| | 12th Floor |
| | Wilmington, DE  19801 |
| | (302) 777-0300 (Telephone) |
| | (302) 777-0301 (Facsimile) |
| | bfarnan@farnanlaw.com |
| | |
| | *Counsel for Plaintiff* |
| | *Round Rock Research, LLC* |

*Of Counsel:*

Paul A. Bondor
Lauren M. Nowierski
Elizabeth Kimmel
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
pbondor@desmaraisllp.com
lnowierski@desmaraisllp.com
ekimmel@desmaraisllp.com